UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSEPH PERROTTA                                         :
                                                        :
                              Plaintiff                 :    **COMPLAINT**
        -against-                                       :
                                                        :
THE CITY OF NEW YORK                                    :
NYC POLICE DEPARTMENT                                   :    **JURY TRIAL**
POLICE COMMISSIONER RAYMOND KELLY                       :    **DEMANDED**
NYPD DEPUTY CHIEF JACK J. TRABITZ                       :
NYPD DETECTIVE CYNTHIA YOUNG                            :
EMERSON L. FORDE                                        :
                                                        :
                              Defendants                :
------------------------------------------------------------------------X

Plaintiff JOSEPH PERROTTA, by and through his attorney, Robert J. Fileccia, Esq., and for his Complaint against the above named defendants hereby states as follows:

### JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment to the Constitution of the United States through the Civil Rights Act, Title 42 U.S.C. § 1983 as well as Article I, §§6 and 11 of the New York State Constitution, for the violation of the Plaintiff's civil and constitutional rights and substantive due process rights.

2. This Court has jurisdiction over this action under 28 USC §§ 1331 and 1343.

3. This Court also has supplemental, ancillary and pendant jurisdiction to adjudicate all claims asserted under state law herein under 28 USC §§ 1367.

4. The acts and transactions constituting the civil rights and constitutional violations occurred in the Kings County, in the Eastern District of New York. In addition, the Defendants reside, are found, have agents, or transact their affairs in the Eastern District

1

of New York. Venue is therefore proper in this district pursuant to 28 USC §§ 1391 (b).

## THE PARTIES

5. Plaintiff is a citizen of the United States and resides in the County of Richmond, City and State of New York;

6. At all times referred to herein, Defendant The City of New York ("The City") was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

7. At all relevant times to herein, the Police Department of the City of New York (hereinafter "NYPD") was and still are agencies or instrumentalities of The City. The NYPD did not and does not have a legal identity separate and apart from Defendant The City.

8. At all times referred to herein, Defendant The City, by its agents, servants and representatives, was responsible for the operation, maintenance and control of the NYPD, and the selection, training, supervision, evaluation and disciplining of NYPD personnel.

9. At all times referred to herein, Defendant Commissioner Raymond Kelly (hereinafter "Ray Kelly") was employed by the Defendant The City as a supervisor, policy maker and Commissioner for the NYPD.

10. At all times referred to herein, Defendant Ray Kelly, as Commissioner of the NYPD, is the responsible policy maker for Defendant The City and the State of New York with respect to the management of the NYPD.

11. At all times referred to herein, Defendant Detective Cynthia Young was employed by the Defendant The City as a police detective assigned to the 75th Police Precinct and was a citizen and resident of New York.

12. At all times referred to herein, Defendant NYPD Deputy Chief Jack J. Trabitz (hereinafter "Trabitz") was employed by the Defendant The City as a senior police officer and a supervisor, policymaker and Commanding Officer of the NYPD's Property Clerk's Division.

13. At all times referred to herein, Defendant Emerson L. Forde (hereinafter "Forde") is a citizen and resident of New York, who resides at 876 Blake Avenue, Brooklyn, New York 11207, and was a willful participant in joint activity with the State or its agents. At all times referred to herein, Defendant Forde was a NYS Department of Motor Vehicles Vehicle Safety Inspector assigned to Region 6. Defendant Forde is being sued in the individual capacity.

## GENERAL ALLEGATIONS

14. On June 21, 2010, immediately after being personally served with a federal court order and federal civil rights complaint, defendant Emerson Forde, a DMV inspector, attempted to murder the licensed process server who delivered the order, Agnieszka Perrotta, and did stab her husband Joseph Perrotta, who was escorting her, in the back as they left the front yard of his home. Plaintiff Joseph Perrotta was taken to and underwent emergency surgery in Richmond University Medical Center.

15. Eyewitness reports indicate that Forde's attack was premeditated. He waited for the process server on the front porch of his home, encouraging her to come forward by remaining silent and still. As she approached and, license in hand, identified herself, Forde ran quickly into his home and immediately out again, weapon in hand, chasing Ms. Perotta, who stands 5 feet 5 inches tall and weighs barely 120 pounds. Plaintiff Joseph Perrotta was stabbed while protecting his wife.

16. The federal civil rights complaint that was served upon Emerson Forde, Docket No. 10-CV-889, indicates he is an associate in an ongoing criminal organization that is engaged in a pattern of racketeering activity including theft of United States mail, extortion and now attempted murder. The record evidence suggests Forde did not act independently and received a standing kill order to murder the process server and her husband to stop them from disseminating the complaints in 10-CV-889 and protect the criminal organization and its members from detection and apprehension.

17. On June 26, 2010, NYPD Detective Cynthia Young from the 75th Police Precinct was assigned to investigate Emerson Forde and arrest him. She did neither. Since that time, Young did not interview any of the victims or eyewitnesses, intentionally delayed the purported investigation, falsified an arrest report (K10665893-L, dated July 9, 2010), and later voided it. Despite the sworn undisputed testimony of three eyewitnesses, Forde remains armed (gun permit), dangerous, and at large.

18. Forde's complaint report 2010-075-09628 and arrest report K10665893-L contain numerous false entries and material omissions, which, when taken together, were deliberately falsified and designed to help the assailant avoid capture and prosecution. Several examples follow:

    a) The complaint report falsely states the assailant is white when Forde is dark black.

    b) The arrest report falsely claims that the assailant does not have an accent despite his having an unmistakable Barbados accent.

    c) The arrest report and complaint report omit a description of the weapon—a knife— even though the victims, eyewitnesses, Fire Department, EMS, and

others informed numerous police officers including Sergeant Mamys and Detective Young that the assailant stabbed the victim in the back with a knife.

d) The complaint report cites "no life threatening injury" even though the responding police officers, sergeants, and detectives were told the victim was stabbed in the back with a knife and saw him taken by ambulance to Richmond University Medical Center in Staten Island.

e) The complaint report and arrest report falsely state the time of the incident to be 9:15 pm, after dark, when the assault actually took place at approximately 8 pm, which was still full daylight;

f) The arrest report omits the names of the victims and eyewitnesses even though this information was given to Sergeant Mamys and Detective Young including their names, addresses, telephone numbers, and other contact information.

g) The arrest report falsely asserts that "The undersigned (Detective Young) was unable to reach the complainant after making several attempts to make contact. At this time, alleged perp is being released from custody." In fact, Young telephoned the process server once, left a voice-mail message, and immediately released the assailant.

h) The arrest report omits the assailant's employment as a New York State Department of Motor Vehicles Inspector even though this information was given to Sergeant Mamys and Detective Young including his name, home address, job description, and the name, address, and telephone number of his employer.

i) The arrest report falsely states that the victims and assailant are "strangers"

        even though the victims, a New York City licensed process server and her escort husband, clearly introduced themselves to Forde before he tried to kill them, as borne out by eyewitness statements.

    j) The arrest report fails to note that Forde attacked and tried to kill a New York City licensed process server and her escort during the course of their official business even though Sergeant Mamys and Detective Young were told that Forde stabbed the escort after he was served with federal court papers.

19. On August 30, 2010, the victims received a standardized NYPD communication (check box letter) prepared by Detective Cynthia Young indicating that the case has been closed even though Forde is armed (gun permit), dangerous, and at large.

20. Detective Cynthia Young falsely claims that she made numerous efforts to contact the victims but was unable to reach them by telephone. The victims' and their telephone records, however, prove that Detective Young did not attempt to contact them.

21. Detective Young staged Emerson's Forde's arrest, falsified his arrest report (K10665893-L, dated July 9, 2010), later voided it, and released him long before the victims discovered what happened.

22. On August 31, 2010, NYPD Captain Anthony Favale telephoned Robert Fileccia's law office and spoke with Richard Fileccia, who recorded their telephone conversation.

23. Captain Favale admitted, among other things, that he, Lieutenant Cummings [phonetic], and Sergeant Robert Mamys had fabricated at least three other police reports (inserted incorrect information) to cover up Young's falsified arrest report. Favale, Cummings, and Mamys falsely assert they too attempted to contact the victims. Mamys and Cummings

did not telephone the victims, however, or leave any messages for them. Mamys and Cummings also did not telephone Robert Fileccia. There are therefore now at least seven (7) falsified police reports relating to this incident.

24. On August 11, 24, 26 and September 11, 2010, attorney Robert Fileccia wrote comprehensive missives to NYPD Commissioner Raymond Kelly, Chief Phil T. Pulaski, among other NYC policymakers informing them of the NYPD's ongoing cover up. They did not reply.

### FIRST CAUSE OF ACTION:
### DEFENDANT EMERSON FORDE'S VIOLATION OF
### PLAINTIFF'S SUBSTANTIVE DUE PROCESS RIGHTS

25. Plaintiff incorporates paragraphs 1-24 above.

26. Defendant Emerson Forde engaged in egregious conduct, so brutal and offensive to human dignity as to shock the conscience, in violation of the plaintiff's substantive due process rights.

27. As a direct and foreseeable consequence of these deprivations, Plaintiff has suffered economic loss, physical harm, pain and suffering, and emotional trauma.

### SECOND CAUSE OF ACTION:
### DEFENDANTS CITY OF NEW YORK, NYC POLICE
### DEPARTMENT, NYPD DETECTIVE CYNTHIA YOUNG, NYPD
### COMMISSIONER RAYMOND KELLY, AND NYPD DEPUTY
### CHIEF JACK TRABITZ' VIOLATION OF PLAINTIFF'S
### SUBSTANTIVE DUE PROCESS RIGHTS

28. Plaintiffs incorporate paragraphs 1-27 above.

29. Defendants engaged in egregious conduct, so brutal and offensive to human dignity as to shock the conscience, in violation of the plaintiff's substantive due process rights.

30. As a direct and foreseeable consequence of these deprivations, Plaintiff has suffered economic loss, physical harm, pain and suffering, and emotional trauma.

### THIRD CAUSE OF ACTION:
### CONSPIRACY IN VIOLATION OF 42 USC §1983

31. Plaintiff incorporates paragraphs 1-30 above.

32. The defendants are "persons" as that term is used in the text of 42 USC §1983.

33. Under color of state law, the defendants conspired and entered into express and or implied agreements, understandings, or meeting of the minds among themselves to deprive Plaintiff of his constitutional rights.

34. The defendants evidenced a reckless and callous disregard for, and deliberate indifference to, Plaintiffs' constitutional rights.

35. As a result of the Defendants' conduct, Plaintiff was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

36. As a direct and foreseeable consequence of these deprivations, Plaintiff has suffered economic loss, physical harm, pain and suffering, and emotional trauma.

### FOURTH CAUSE OF ACTION:
### FABRICATION OF FALSE EVIDENCE IN VIOLATION OF
### 42 USC §1983

37. Plaintiffs incorporate paragraphs 1- 34 above.

38. The defendants are "persons" as that term is used in the text of 42 USC §1983.

39. Acting under color of law, the defendants, individually and in concert, conspired to produce false and misleading evidence that they understood and agreed would violate the plaintiff's constitutional rights.

40. The defendants evidenced a reckless and callous disregard for, and deliberate indifference to Plaintiff's constitutional rights.

41. As a result of these Defendants' conduct, Plaintiff was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

42. As a direct and foreseeable consequence of these deprivations, Plaintiff suffered economic loss, physical harm, pain and suffering and emotional trauma.

## AMENDMENT

43. The Plaintiff will be amending this Complaint as of right.

## PRAYER FOR RELIEF

44. WHEREFORE, to redress the injuries proximately and directly caused by Defendants' conduct as stated above,

   a) On the First Cause of Action, damages in an amount to be established at trial as compensation for constitutional deprivations; past and future economic loss, physical harm, emotional trauma, but not less than ten million dollars;

   b) On the Second Cause of Action, damages in an amount to be established at trial as compensation for constitutional deprivations; past and future economic loss, physical harm, emotional trauma, but not less than ten million dollars;

   c) On the Third Cause of Action, damages in an amount to be established at trial as compensation for constitutional deprivations; past and future economic loss, physical harm, emotional trauma, but not less than ten million dollars;

   d) On the Fourth Cause of Action, damages in an amount to be established at trial as

compensation for constitutional deprivations; past and future economic loss, physical harm, emotional trauma, but not less than ten million dollars;

e) An award of attorneys' fees, including attorneys' fees pursuant to 42 USC §1988(b);

f) An award for reasonable and customary costs, expenses, and interest incurred in pursuit of this action;

g) Whatever additional relief the Court may deem proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all claims so triable.

Dated: June 21, 2013

Respectfully submitted,

/s/

Robert J. Fileccia, Esq. (RF 5166)
Attorney for Plaintiff
496 Willowbrook Road
Staten Island, N.Y. 10314
Tel. (718) 982-1573
Emails: catchaprosecutor@aol.com
         acrazylawyer@aol.com